## BARKER et al. v. ATWELL et al.

(Circuit Court of Appeals, Seventh Circuit.
June 2, 1926. Rehearing denied
June 29, 1926.)

No. 3691.

**Patents ☞328.**

Clarke patent, No. 1,356,338, claims 1 and 2, for improvements in surface treating or sanding machines, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by B. D. Atwell, Jr., and others, against Raymond L. Barker and another. Decree for plaintiffs, and defendants appeal. Reversed and remanded, with directions.

Ross O. Hinkle, of Chicago, Ill., for appellants.

Wm. N. Cromwell, of Chicago, Ill., for appellees.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from a decree finding valid and infringed claims 1 and 2 of United States patent to Clarke, No. 1,356,338, for improvements in surface treating machines. The claims are:

"1. In a surface treating device, an upright supporting frame, handles secured to the frame to move the same over the work, supports depending from the frame to travel upon the surface being treated, a vertically adjustable rotatable member arranged within the supporting frame, a surface treating member engaging the rotatable member, and means associated with one handle to vertically adjust the rotatable member.

"2. In a surface treating device, an upright supporting frame, handles secured to the ends of the frame to move the same over the work, supports depending from the frame to travel upon the surface being treated, a vertically adjustable rotatable member arranged within the supporting frame, an element arranged near one handle, means operated by the element to vertically adjust the rotatable member, and a surface treating member engaging the rotatable member."

The machines are commonly known as sanding machines, the active element being usually a swiftly revolving motor-driven drum covered with sandpaper, mounted in or on some sort of frame, for grinding down and smoothing wood surfaces over which the machine is manually moved, through contact of the surface with the sandpaper on the drum. The patent specifications and drawings describe a machine wherein the drum is so mounted within the frame in which it revolves that the drum may be raised or lowered for regulating the cut, by mechanism which operates on the drum without moving the frame wherein it is mounted. This is further clearly indicated by the last paragraph of the specification, where it is said: "It is pointed out that in each form illustrated the surface treating member and the cylindrical member by which it is applied to the work are adjustable or yieldable with relation to the work, while the main frame is not adjustable." The two claims each embody this element by specifying "a vertically adjustable rotatable member arranged *within* the supporting frame." This stated element, taken in connection with the specification, would indicate quite certainly that what was intended to be claimed was a rotatable drum which is mounted within the frame, and is itself adjustable, without adjustment of the frame within which it is mounted.

Appellee's commercial machine, offered in evidence, does not show such mounting of the drum; but, on the contrary, the adjustment of the drum to the surface to be treated is effected by raising and lowering the entire frame within which the drum is mounted, one end of the frame being hinged to the sliding part on which the frame rests, and the opposite end arranged for raising or lowering (or rather tipping) the entire frame, thereby effecting the adjustment of the drum which is unadjustably mounted within the frame. In appellant's machine the drum is mounted in the same way, so that its adjustability to the wood surface is likewise effected by the raising and lowering of the frame wherein the drum is mounted. In this respect neither machine embodies this element of the claims.

From the file history of the case it seems that these claims were allowed over the prior art practically upon their inclusion of what in claim 1 is described as "means associated with one handle to vertically adjust the rotatable member," and in claim 2 "an element arranged near one handle, means operated by the element to vertically adjust the rotatable member." The contention for this element is that it places adjusting means (a thumbscrew) at or near one of the handles, so that in operating the machine the adjustment may be conveniently made. If this were the only novelty which the claims dis-

close, it is found in the prior patent art in Strobel, 467,209, 1892, Miles, 870,836, 1907, and Delsee, 915,746, 1909, all being for sanding machines intended for like purpose as Clarke's.

But, even if there were no anticipation with reference to this element, it is not apparent how mere contiguity of the handle and the means for adjustment would be the subject-matter of a valid patent. The placing of these parts with relation to each other would seem to be a mere matter of choice and of mechanical skill. But, apart from this, examination of appellant's machine makes it apparent that its frame-adjusting means, though located near the handle (they could not in any event be far apart in comparatively small hand machines like these), is not such that it can well be manipulated without stopping the machine to do it. Hence the object of this element of the claim, as pointed out by the patent, is not attained in appellant's machine, and it does not infringe in this respect.

Extensive use of the Clarke machine is urged in support of the patent. Even if his commercial machine fully embodied these claims, we cannot find from the evidence that to any material degree these two claims, out of the five of this patent, were alone responsible for the contended commercial success, especially as it appears on the plate of the Clarke machine in evidence that it embodies in its construction seven other patents referred to by their dates, as well as "others pending." Indeed, it is quite possible that the success is in large measure attributable to Clarke's departure from the somewhat complicated mechanism shown in his patent for adjusting the drum without movement of the frame whereon it is mounted.

Finding, as we do, that the claims in issue, necessarily limited as indicated, are not infringed by appellant's machine, the decree of the District Court is reversed, and the cause remanded, with direction to dismiss the bill for want of equity.